**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 4 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL JOHN MOE, | No. 15-16513 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00689-RCJ-VPC |
| v. | |
| NORTHERN NEVADA CORRECTIONAL CENTER; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted October 25, 2016**

Before: LEAVY, SILVERMAN, and GRABER, Circuit Judges.

Nevada state prisoner Michael John Moe appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal for failure to state a claim under 28 U.S.C. § 1915A).  We may affirm on any ground supported by the record.  *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007).  We affirm.

Dismissal of Moe's action as *Heck*-barred was proper because Moe has not demonstrated that the results of the disciplinary hearing, including the loss of good-time credits, have been invalidated.  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (claim for monetary and declaratory relief based on allegations that necessarily imply the invalidity of the loss of good-time credits is not cognizable under § 1983); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").  Because the district court did not specify whether the dismissal of Moe's action was with or without prejudice, we treat the dismissal as being without prejudice.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (dismissals under *Heck* are without prejudice).

The district court did not abuse its discretion by dismissing Moe's complaint without leave to amend because amendment would be futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that "a district court may dismiss without leave

where . . . amendment would be futile").

The district court did not abuse its discretion by denying Moe's motion for relief from judgment. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and listing grounds warranting relief from judgment under Fed. R. Civ. P. 59(e) and 60(b)).

The district court did not abuse its discretion by denying Moe's motion for appointment of counsel because Moe failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and exceptional circumstances requirement for appointment of counsel).

Moe's contention that the district court judge was biased against him is unpersuasive.

**AFFIRMED.**